UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ROBERT SIERRA,

      Plaintiff,

v.                                            No. 1:24-cv-01254-LF-GJF

MAX SISNEROS, et al.,

      Defendants.

## ORDER TO SHOW CAUSE

*Pro se* Plaintiff filed a notice removing *Sierra v. Pandher*, No. D-424-CV-202400048, from the Fourth Judicial District Court, State of New Mexico, to this Court. *See* Notice of Removal, Doc. 1, filed December 13, 2024. Robert Sierra is the plaintiff in *Sierra v. Pandher*.

It appears the Court should remand this case to the Fourth Judicial District Court. The removal statute provides that a defendant may remove a case to federal court. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court ... may be removed by the defendant or the defendants").

> [P]laintiffs are not entitled to remove cases to federal court. *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam) ("No section [of the United States Code] provides for removal by a plaintiff."); *see also* 14C Charles Alan Wright, et al., *Federal Practice and Procedure* § 3730 (Rev. 4th. ed. 2018) (stating that "plaintiffs cannot remove" cases to federal court).

*Robinson v. New Mexico*, Order and Judgment at 2, No. 18-2179 (10th Cir. June 28, 2019); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants*.") (emphasis in original).

The Court orders Plaintiff to show cause why the Court should not remand this case to the Fourth Judicial District Court. *See Baby C v. Price*, 138 Fed. App'x 81, 83 (10th Cir. 2005) ("The

removing party has the burden to demonstrate the appropriateness of removal from state to federal court") (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)).

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

2

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not remand this case to the Fourth Judicial District Court, State of New Mexico. Failure to timely show cause may result in remand of this case.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE